## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRITTANY GUILLOT on behalf of** | * | **CIVIL ACTION NO.** |
| **her minor child T.A.G.** | * | |
| *Plaintiffs* | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **JAY RUSSELL in his official capacity** | * | |
| **as Ouachita Parish Sheriff,  PAT** | * | |
| **JOHNSON, Warden Ouachita** | * | **MAGISTRATE JUDGE** |
| **Correctional Center, JOHN DOE,** | * | |
| **Ouachita Parish Sheriff's Deputy** | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **BRITTANY GUILLOT**, an individual of the full age of majority and domiciled in the Parish of Ouachita, State of Louisiana, on behalf of her minor child **T.A.G.** ("Plaintiff"), who respectfully represents the following as it pertains to the personal injury and wrongful death of **T.A.G.'S** father, **BLAKE POWELL** ("Powell"):

## JURISDICTION

1.

This Court has jurisdiction over the claims of the named parties and the subject matter of this litigation under 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). While various state claims and common claims have been brought, this Court has Original Jurisdiction as this claim arises out of a question of federal law under 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims are so related to the Original Jurisdiction claims that they form part of the same case or controversy.

## VENUE

**2.**

Venue is proper in this Court under 28 U.S.C. § 1391, 28 U.S.C. 1397(a), and 28 U.S.C. § 1402(b) in that:

A. Blake Powell suffered damages as a result of Defendants' negligent and wrongful conduct in the State of Louisiana;

B. Ouachita Parish is within the Western District of Louisiana and is the official domicile of Defendants, Jay Russell, Pat Johnson, and John Doe, as employees of Ouachita Correctional Center;

C. Plaintiff's Louisiana State Law Claims are so related to the Original Jurisdiction claims that they are a part of the same case or controversy;

D. The acts or omissions asserted herein occurred within the Parish of Ouachita, State of Louisiana, within the jurisdiction of the Western District of Louisiana.

## PARTIES – PETITIONER

**3.**

Plaintiff, **BRITTANY GUILLOT**, an individual of the full age of majority and domiciled in the Parish of Ouachita, State of Louisiana, on behalf of her minor child **T.A.G.**, appears on behalf of T.A.G.'S father, **BLAKE POWELL**, who died as a result of the actions complained of herein, who was a citizen of the State of Louisiana, was not married, and had one child, **T.A.G.**

## PARTIES – DEFENDANTS

**4.**

A. **JAY RUSSELL,** in his official capacity as the elected Sheriff of Ouachita Parish, whose duties and responsibilities include development and implementation of policies

and procedures for the operation and management of Ouachita Correctional Center and its employees. He is responsible for the care, custody, and protection of prisoners at Ouachita Correctional Center.

B. **PAT JOHNSON,** Warden of Ouachita Correctional Center, a person of the full age of majority holding the office of Warden of the Ouachita Correctional Center, domiciled and residing in the Parish of Ouachita, State of Louisiana. Pat Johnson is the responsible party for day to day operations of the Ouachita Correctional Center.

D. **JOHN DOE,** in his official capacity as a Ouachita Parish Sheriff's Deputy and in his personal capacity.

## FACTUAL ALLEGATIONS

**5.**

On January 6, 2020, Blake Powell was charged with unauthorized entry of an inhabited dwelling and possession of a controlled dangerous substance.

**6.**

On February 19, 2020, Powell entered into a plea of guilty and was sentenced to two years hard labor.

**7.**

Powell was sent to Ouachita Correctional Center to serve out his sentence.

**8.**

Upon information and belief, on or about March 13, 2020, while an inmate at Ouachita Correctional Center, Powell was involved in a fight with another inmate and placed into solitary confinement as a result of stabbing him.

**9.**

Upon information and belief, while in solitary confinement, Powell was on suicide watch.

**10.**

Upon information and belief, solitary confinement requires twenty-four hour surveillance of the inmate for the entire length of time that an inmate is in solitary.

**11.**

Upon information and belief, Powell was not under twenty-four hour surveillance as was required.

**12.**

On March 14, 2020, at approximately 3:00 o'clock a.m., Powell's lifeless body was found in solitary confinement.

**13.**

An autopsy of Powell's body notes that he died by hanging while in solitary confinement.

**14.**

Upon information and belief, there was no surveillance of Powell while he was in solitary confinement up to and at the point of his death.

**15.**

Powell is survived by his only biological child, a son, **T.A.G.**

**16.**

Powell was not married at the time of his death.

**17.**

Defendant Sheriff Jay Russell was Sheriff of Ouachita Parish at all times described herein, and, as such, is responsible for the hiring, training, supervision, discipline and control of the

employees of the Ouachita Correctional Center, including correctional staff. He is also responsible for the supervision and administration of policies, practices, customs and operations of the Ouachita Parish Sheriff's Office and its correctional facilities. The Ouachita Correctional center was operated and supervised by Jay Russell at all relevant times. He is sued in his individual and in his official capacity for those acts and omissions, which occurred while he was Sheriff. As Sheriff of Ouachita Parish, Sheriff Jay Russell is charged with providing custodial care to prisoners in custody of the Ouachita Correctional Center. He is a person of the full age of majority and, on information and belief, a resident of the Western District of Louisiana.

## 18.

Defendant Warden Pat Johnson is responsible for managing staff within the Ouachita Correctional Center and making decisions regarding hiring, training, supervision and discipline of staff. Additionally, Warden Pat Johnson is responsible for ensuring the safe and secure operation of the facility. He is a person of the full age of majority and, on information and belief, a resident of the Western District of Louisiana.

## 19.

On or about March 13, 2020, Defendants determined Powell to be a danger to himself and/or others and ordered Powell to be placed in solitary confinement for close observance.

## 20.

Blake Powell was not properly cared for while in the custody of Defendants. He was denied appropriate and necessary supervision, despite having been placed in solitary confinement and put on suicide watch.

## 21.

Instead of providing adequate, appropriate and necessary care and supervision to Blake

Powell, Defendants treated Powell in a negligent, indifferent, and callous manner, failing in their professional duties and their legal obligations, resulting in Powell's death by suicide.

### 22.

Defendants Sheriff Jay Russell and/or Warden Pat Johnson failed to have proper training procedures in place to train deputies and Correctional Center personnel as to how to properly supervise at-risk inmates, failed to supervise their staff, and failed to properly delegate responsibility for the handling of such inmates to qualified personnel.

### 23.

The negligence of Defendants and their staff at Ouachita Correctional Center was in contravention of the standard of care and violated applicable federal and state constitutional and statutory standards.

### 24.

Defendants' actions and omissions, manifesting in inadequate training and supervision of staff, along with inadequate policies and procedures related to treatment and monitoring of suicidal persons in custody, were directly and causally related to Blake Powell's death.

### 25.

Defendant John Doe, Ouachita Parish Sheriff's deputy, and other staff and employees of the Ouachita Correctional Center not named herein but acting in the course and scope of their employment, disregarded the mental state of Blake Powell and left him unattended while in solitary confinement and on suicide watch, when he was a known danger to himself.

### 26.

Prison employees on duty, including Defendant John Doe, Ouachita Parish Sheriff's deputy, are responsible for the safety of inmates incarcerated in Ouachita Correctional Center and

were in a position to know the policies and procedures of the Ouachita Correctional Center and failed to properly apply the policies and procedures of the prison.

**27.**

Prison employees on duty, including Defendant, John Doe, recklessly disregarded the mental condition of Blake Powell and left him unattended when he was a known danger to himself and/or others.

**28.**

Defendants ignored and neglected with reckless indifference their own policies and procedures regarding mentally disturbed inmates.

**29.**

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment of the Constitution.

**30.**

Blake Powell's Eighth Amendment Right to be free from cruel or unusual punishment was violated when employees at Ouachita Correctional Center acting under the leadership of Defendants Sheriff Jay Russell and Warden Pat Johnson deliberately denied Powell the requisite supervision and protection required for one in solitary confinement.

**31.**

Prison employees on duty, including Defendant, John Doe, owed a duty to Powell to provide for his safety and to provide continuous, direct monitoring of Powell while he was on suicide watch. John Doe breached that duty, which was a direct and proximate cause of the death of Powell.

**32.**

At all relevant times, John Doe and other employees of Ouachita Correctional Center were acting in the course and scope of their employment as a deputy sheriff with the Ouachita Parish Sheriff's Office and defendant Sheriff Jay Russell is vicariously liable for their acts and omissions pursuant to La. C.C. Art. 2320.

**33.**

Defendants knew or should have known that the staff at Ouachita Correctional Center were inadequate or unwilling to provide adequate protection to a person with mental instability, and that the staff that existed were inadequately trained or supervised regarding addressing the psychiatric problems of prisoners.

**34.**

Defendants knew or should have known that the monitoring of Powell was not being properly performed, documented or reviewed, and yet they failed to intervene.

**35.**

Defendants knew or should have known of serious deficiencies in the policies, practices and procedures at the jail related to treatment, care and observation of prisoners who were being monitored for suicide prevention. Defendants also knew or should have known of the inadequate staffing and inadequate training and supervision of correctional staff with regard to treatment, care and observation of prisoners who were being monitored for suicide prevention. Despite knowledge of these serious deficiencies, Defendants failed to take appropriate actions to make necessary changes to policies, procedures, training, supervision or staffing to see that Powell was provided with reasonable and adequate care.

**36.**

The serious risk of harm and/or death to Powell was known or should have been known to Defendants, who failed to take appropriate and necessary measures to protect and preserve his life and safety, as set forth herein.

**37.**

Defendants have a duty to protect inmates from foreseeable harm, including harm to themselves.

**38.**

Any reasonable employee of Ouachita Correctional Center knew or should know of the risks imposed by placing an inmate in solitary confinement.

**39.**

The actions and omissions of Defendants as set forth herein were in the course and scope of their employment.

**40.**

The actions of Defendants as set forth herein resulted in the suffering and death of Blake Powell.

**41.**

Defendants breached their duties to Powell and were negligent in one or more of the following particulars:

    a.   In failing to inspect and check on Blake Powell timely in accordance with Defendants' own policies and procedures;

    b.   In failing to provide continuous and direct monitoring of Blake Powell while he was on suicide watch;

c. In failing to implement adequate procedures to ensure that Blake Powell was protected from physical harm.

**42.**

The acts of fault, gross and wanton negligence, and lack of skill by Defendants, which were the proximate cause of Powell's death, were as follows:

a. Failing to train employees on the proper supervision required of an inmate placed in solitary confinement;

b. Failing to inspect and check on Blake Powell on a continuous basis;

c. Failing to take protective measures to protect the health and safety of Blake Powell after placing him on suicide watch;

d. Failing to recognize that Blake Powell was a danger to himself;

e. Failing to properly supervise and police the employees of the Ouachita Correctional Center;

f. Such other acts and omissions as will be shown at the trial of this matter, all of which were in contravention of the exercise of due care, prudence, and/or the laws of The United States of America, the State of Louisiana and the Parish of Ouachita.

**43.**

As a result of the gross and wanton negligence of Defendants, Blake Powell suffered severe injuries, namely:

a. Asphyxiation;

b. Conscious pain and suffering;

c. Severe emotional distress;

d. Wrongful death;

e.  Survival action;

f.  Funeral expenses;

g.  Attorney's fees;

h.  Costs

i.  Punitive damages;

j.  Other yet unspecified injuries as will be shown at trial of this matter.

**44.**

Prior to his death, Blake Powell endured significant pre-death physical, mental and emotional pain and suffering, anxiety, and pain due to the actions and omissions of Defendants as described herein.

**45.**

The cumulation of Defendants' actions and inactions are the sole and proximate cause of the injuries, damages, and wrongful death of Blake Powell.

**46.**

Plaintiff, Brittany Guillot, on behalf of her minor child T.A.G., as the sole surviving heir of Blake Powell, hereby asserts a survival action and wrongful death action for the damages suffered by Blake Powell during his incarceration pursuant to La. C.C. Art. 2315.1 and La. C.C. Art. 2315.2.

**47.**

T.A.G. has suffered a loss of love, affection, services, support, society, and grief as a result of his father's death, which was at the hands of Defendants due to their negligence.

**48.**

T.A.G. has the right to recover for the suffering Powell endured from the time between his

hanging and the time of his death.

**49.**

Powell's suffering was prolonged as a result of Defendants' negligence.

**50.**

42 U.S.C. § 1983 protects individuals from violations of their federally protected rights. A governmental entity is liable under Section 1983 when its policies or customs violate and individual's federally protected rights.

**51.**

Defendants are also liable unto petitioner under the provisions of Louisiana Civil Code Articles 2315, 2315.1, 2315.2, 2316, 2317, 2320 and 2324, in that the existence of such gross failure of defendants to properly guard against the harm suffered by Blake Powell caused Blake Powell's injury and constituted reckless indifference for his care and well-being.

**52.**

Defendants are solidarily liable for the harm caused to Blake Powell through the intentional/gross and wanton acts of Defendants John Doe, Jay Russell, Pat Johnson and other employees of Ouachita Correctional Center.

**53.**

Plaintiff is entitled to punitive damages, attorney's fees, interest on attorney's fees pursuant to 42 U.S.C. § 1983.

**54.**

Defendants, JAY RUSSELL and PAT JOHNSON, are liable to Petitioner for negligence for:

    a. Negligent supervision of Deputy John Doe and other employees of Ouachita

Correctional Center similarly situation in the performance of their duties;

b. Failure to adequately train prison employees, including but not limited to Defendant, JOHN DOE;

c. Negligent misapplication and/or non-application of safety precautions and procedures;

d. Other acts of negligence which may be proven at the trial of this matter.

**55.**

Defendant, JAY RUSSELL, is vicariously liable to Petitioner for:

a. The actions of Defendant, JOHN DOE, as his employer, and the tortious and negligent actions committed within the course and scope of his employment, under Louisiana Civil Code Article 2320.

**56.**

Defendant, JOHN DOE, and other employees of Ouachita Correctional Center, are liable to Petitioner for negligence for:

a. Failure to comply with Ouachita Correctional Center monitoring policies;

b. Failure to properly supervise Blake Powell;

c. Intentional, gross, and wanton acts of disregard;

d. Malfeasance in office;

e. Dereliction of duty;

f. Other acts of negligence which may be proven at the trial of this matter.

**57.**

Plaintiff hereby notified the Court and Defendants of his intent to seek a trial by jury in this matter.

**WHEREFORE,** Plaintiff, **BRITTANY GUILLOT**, on behalf of her minor child **T.A.G.**, prays that after due proceedings be had, there be judgment in Plaintiff's favor and against Defendants, **JAY RUSSELL**, in his official capacity as Ouachita Parish Sheriff, **PAT JOHNSON**, Warden Ouachita Correctional Center, and **JOHN DOE**, Ouachita Parish Sheriff's Deputy, and that Defendants be held liable for:

a. Wrongful death action under Louisiana Civil Code and Louisiana law;

b. Damages under 42 U.S.C. § 1983;

c. Pain and suffering;

d. Mental pain and anguish;

e. Loss of enjoyment of life;

f. Loss of future income;

g. Funeral expenses;

h. Legal interest thereon from the date of judicial demand;

i. Attorney's fees and costs of this action; and

j. All other damages that may be shown at a trial of this matter.

Respectfully submitted,

SCOTT VICKNAIR, LLC

*/s/ David P. Vicknair*
DAVID P. VICKNAIR, #34135
HOPE ELIZABETH HUGHES, #35833
909 Poydras Street, Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
hughes@svlaw.law
*Attorneys for the Petitioner*