UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRITTANY GUILLOT on behalf of** <br> **her minor child T.A.G.** <br> *Plaintiffs* <br> <br> **VERSUS** <br> <br> **JAY RUSSELL in his official capacity** <br> as Ouachita Parish Sheriff,  **PAT** <br> **JOHNSON, Warden Ouachita** <br> **Correctional Center, JOHN DOE,** <br> **Ouachita Parish Sheriff's Deputy** <br> *Defendants* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **CIVIL ACTION NO.** <br> **3:20-cv-01537** <br> <br> <br> **JUDGE** <br> **TERRY A. DOUGHTY** <br> <br> <br> **MAGISTRATE JUDGE** <br> **KAYLA D. MCCLUSKY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **BRITTANY GUILLOT**, on behalf of her minor child **T.A.G.** ("Plaintiff"), who desires to amend her original Complaint as follows:

1.

By adding an additional paragraph to follow paragraph 4 of Plaintiff's original complaint and the heading "FACTUAL ALLEGATIONS," to be numbered 4A, and to read as follows:

**"4A.**

**On November 9, 2019, Powell was arrested and booked at the Ouachita Correctional Center."**

2.

By adding an additional paragraph to follow paragraph 7 of Plaintiff's original complaint, to be numbered 7A, and to read as follows:

"7A.

**Upon information and belief, on or about February 18, 2020, while an inmate at Ouachita Correctional Center, Powell was observed with abrasions on his wrist and acting distant with a blank stare. As a result, Powell was recommended by jail staff to be seen by the jail's mental health professional."**

3.

By adding an additional paragraph to follow paragraph 7A of Plaintiff's original complaint, to be numbered 7B, and to read as follows:

"7B.

**Despite this recommendation, Powell was not placed on suicide watch per the jail's policies and procedures and was not seen by the jail's mental health professional."**

4.

By adding an additional paragraph to follow paragraph 7B of Plaintiff's original complaint, to be numbered 7C, and to read as follows:

"7C.

**Upon information and belief, on or about March 3, 2020, while an inmate at Ouachita Correctional Center Powell made a rape claim and was recommended by jail staff to be seen by the jail's mental health professional."**

5.

By adding an additional paragraph to follow paragraph 7C of Plaintiff's original complaint, to be numbered 7D, and to read as follows:

"7D.

**Despite this recommendation, Powell was not placed on suicide watch per the jail's**

**policies and procedures and was not seen by the jail's mental health professional."**

6.

By amending paragraph 8 of Plaintiff's original complaint to read as follows:

**"8.**

**Upon information and belief, beginning March 11, 2020, Powell was placed in isolation and/or solitary confinement and remained there until his death."**

7.

By amending paragraph 9 of Plaintiff's original complaint to read as follows:

**"9.**

**While in isolation and/or solitary confinement, Powell was or should have been on suicide watch and monitored at unpredicted intervals with no more than fifteen minutes between checks."**

8.

By amending paragraph 10 of Plaintiff's original complaint to read as follows:

**"10.**

**Upon information and belief, while in isolation and/or solitary confinement, Powell was not monitored in accordance with industry standards."**

9.

By amending paragraph 11 of Plaintiff's original complaint to read as follows:

**"11.**

**Upon information and belief, Powell was not monitored at unpredicted intervals with no more than fifteen minutes between checks."**

10.

By amending paragraph 12 of Plaintiff's original complaint to read as follows:

**"12.**

**On March 14, 2020, at approximately 3:00 o'clock a.m., Powell's lifeless body was found in isolation in the Ouachita Correctional Center."**

11.

By amending paragraph 13 of Plaintiff's original complaint to read as follows:

**"13.**

**An autopsy of Powell's body notes that he died by hanging while on suicide watch."**

12.

By adding an additional to follow paragraph 18 of Plaintiff's original complaint, to be numbered 18A, and to read as follows:

**"18A.**

**On or about February 18, 2020, Defendants determined or should have determined Powell to be a danger to himself and/or others and ordered Powell to be placed on suicide watch for close observance."**

13.

By adding an additional to follow paragraph 18A of Plaintiff's original complaint, to be numbered 18B, and to read as follows:

**"18B.**

**On or about March 3, 2020, Defendants determined or should have determined Powell to be a danger to himself and/or others and ordered Powell to be placed on suicide**

watch for close observance."

14.

By amending paragraph 19 of Plaintiff's original complaint to read as follows:

**"19.**

**On or about March 11, 2020, Defendants determined or should have determined Powell to be a danger to himself and/or others and ordered Powell to be placed on suicide watch for close observance."**

15.

By amending paragraph 20 of Plaintiff's original complaint to read as follows:

**"20.**

**Blake Powell was not properly cared for while in the custody of Defendants. He was denied appropriate and necessary supervision, despite having been placed in solitary confinement prior to his death. Further, Blake Powell should have been on suicide watch prior to his death."**

16.

By amending paragraph 25 of Plaintiff's original complaint to read as follows:

**"25.**

**Defendant John Doe, Ouachita Parish Sheriff's deputy, and other staff and employees of the Ouachita Correctional Center not named herein but acting in the course and scope of their employment, disregarded the mental state of Blake Powell and left him unattended while in isolation and while he should have been on suicide watch, when he was a known danger to himself."**

17.

By amending paragraph 31 of Plaintiff's original complaint to read as follows:

**"31.**

**Prison employees on duty, including Defendant, John Doe, owed a duty to Powell to provide for his safety and to provide continuous, direct monitoring of Powell while he was in insolation, on suicide watch or should have been on suicide watch. John Doe breached that duty, which was a direct and proximate cause of the death of Powell."**

18.

By amending paragraph 35 of Plaintiff's original complaint to read as follows:

**"35.**

**Defendants knew or should have known of serious deficiencies in the policies, practices and procedures at the jail related to treatment, care and observation of prisoners who were being monitored for suicide prevention or should have been monitored for suicide prevention. Defendants also knew or should have known of the inadequate staffing and inadequate training and supervision of correctional staff with regard to treatment, care and observation of prisoners who were being monitored for suicide prevention or should have been monitored for suicide prevention. Despite knowledge of these serious deficiencies, Defendants failed to take appropriate actions to make necessary changes to policies, procedures, training, supervision or staffing to see that Powell was provided with reasonable and adequate care."**

19.

By amending paragraph 41 of Plaintiff's original complaint to read as follows:

"41.

**Defendants breached their duties to Powell and were negligent in one or more of the following particulars:**

a. **In failing to inspect and check on Blake Powell timely in accordance with Defendants' own policies and procedures;**

b. **In failing to provide adequate and direct monitoring of Blake Powell while he was on suicide watch;**

c. **In failing to place Blake Powell on suicide watch when he was known or should have been known to be a suicide risk;**

d. **In failing to adequately monitor Blake Powell when he was in isolation;**

e. **In failing to implement adequate procedures to ensure that Blake Powell was protected from physical harm."**

20.

By amending paragraph 42 of Plaintiff's original complaint to read as follows:

"42.

**The acts of fault, gross and wanton negligence, and lack of skill by Defendants, which were the proximate cause of Powell's death, were as follows:**

a. **Failing to train employees on the proper supervision required of an inmate placed in solitary confinement and/or on suicide watch;**

b. **Failing to properly train employees on when an inmate should be placed on suicide watch;**

c. **Failing to inspect and check on Blake Powell in accordance with Ouachita Correctional Center's policies and procedures and industry standards;**

    d. **Failing to take protective measures to protect the health and safety of Blake Powell after placing him on suicide watch or after he should have been placed on suicide watch;**

    e. **Failing to take protective measures to protect the health and safety of Blake Powell after placing him in isolation;**

    f. **Failing to recognize that Blake Powell was a danger to himself;**

    g. **Failing to properly supervise and police the employees of the Ouachita Correctional Center;**

    h. **Such other acts and omissions as will be shown at the trial of this matter, all of which were in contravention of the exercise of due care, prudence, and/or the laws of The United States of America, the State of Louisiana and the Parish of Ouachita."**

**WHEREFORE,** Plaintiff, **BRITTANY GUILLOT**, on behalf of her minor child **T.A.G.**, prays that after due proceedings be had, there be judgment in Plaintiff's favor and against Defendants, **JAY RUSSELL**, in his official capacity as Ouachita Parish Sheriff, **PAT JOHNSON**, Warden Ouachita Correctional Center, and **JOHN DOE**, Ouachita Parish Sheriff's Deputy, and that Defendants be held liable for:

    a. Wrongful death action under Louisiana Civil Code and Louisiana law;

    b. Damages under 42 U.S.C. § 1983;

    c. Pain and suffering;

    d. Mental pain and anguish;

    e. Loss of enjoyment of life;

    f. Loss of future income;

    g. Funeral expenses;

    h. Legal interest thereon from the date of judicial demand;

    i. Attorney's fees and costs of this action; and

    j. All other damages that may be shown at a trial of this matter.

Respectfully submitted,

SCOTT VICKNAIR, LLC

*/s/ Hope E. Hughes*
DAVID P. VICKNAIR, #34135
HOPE ELIZABETH HUGHES, #35833
909 Poydras Street, Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
hughes@svlaw.law
*Attorneys for the Petitioner*