UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRITTANY GUILLOT on behalf of** *   | CIVIL ACTION NO. |
| **her minor child T.A.G.** * | 3:20-cv-01537 |
| *Plaintiffs* * | |
| * | |
| **VERSUS** * | JUDGE |
| * | **TERRY A. DOUGHTY** |
| **JAY RUSSELL in his official capacity** * | |
| **as Ouachita Parish Sheriff, PAT** * | |
| **JOHNSON, Warden Ouachita** * | **MAGISTRATE JUDGE** |
| **Correctional Center, JOHN DOE,** * | **KAYLA D. MCCLUSKY** |
| **Ouachita Parish Sheriff's Deputy** * | |
| *Defendants* * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **BRITTANY GUILLOT**, on behalf of her minor child **T.A.G.** ("Plaintiff"), who files this Reply Memorandum in Support of her Motion for Leave to Amend Complaint.

**I.   Defendants' pending Motion for Judgment on the Pleadings should not operate as a bar to an amendment of Plaintiff's original Complaint.**

In opposition to Plaintiff's Motion for Leave to Amend Complaint, Defendants first assert that Plaintiff's request is futile when juxtaposed with Defendant's Motion for Judgment on the Pleadings, asserting that the pending Motion for Judgment on the Pleadings is a bar to amendment of a complaint. In claiming that a Motion for Leave to Amend Complaint cannot be filed in response to a motion for judgment on the pleadings, Defendants cite a case from the Northern District of Texas. Defendants also criticize the timing of the filing, given that it followed the day their Motion for Judgment on the Pleadings was filed.

1

First, Plaintiff's request for leave to amend her complaint comes after the completion of critical fact witness depositions and receipt of her expert report, the results of which fully apprised her of all necessary factual allegations which she needed to set forth in an amended complaint; her request does not come as a result of the filing of the Motion for Judgment on the Pleadings. It is, as Defendants rightfully point out, a coincidence that Plaintiff's request for leave followed the day after Defendants' filing of their Motion for Judgment on the Pleadings.

As briefed in her memorandum in support of motion to amend complaint, Plaintiff received her expert's report on January 5, 2022. She had an opposition to a motion for summary judgment due on Friday, January 7, 2022, in case number 791-262, Division "L" of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, which required detailed expert affidavits and research, and ultimately prevented her from drafting her amended complaint and moving to amend her complaint on January 5, 6 or 7, 2022. The first opportunity Plaintiff had to draft her Amended Complaint was on Monday, January 10, 2022, which she accomplished and circulated to opposing counsel that same date.[1] This is, coincidentally, the same day she received notice through Pacer that Defendants had moved for Judgment on the Pleadings.[2] The pleadings received through Pacer did not even include a memorandum, so Plaintiff could not have known the argument being asserted by Defendants therein.[3]

After receiving an objection to the proposed amendment from opposing counsel on January 10, 2022, Plaintiff drafted her Motion for Leave the following day, which was filed on January 11, 2022.[4] Her motion for leave is not an opposition to Defendants' Motion for Judgment on the

---

[1] *See* email correspondence between Hope Hughes and Jason Wixom, dated January 10, 2022, attached hereto as Exhibit A.
[2] *See* Pacer notification and corresponding document number 16, attached hereto as Exhibit B.
[3] *Id*.
[4] *See* R. Doc. 18.

2

Pleadings, and Plaintiff fully intends to file an opposition to Defendants' Motion for Judgment on the Pleadings in a timely fashion. She has until January 31, 2022 to do so. Rather, the instant Motion for Leave to Amend Complaint is being filed to ensure that Plaintiff has fully and properly asserted all claims which she may have against Defendants.

Secondly, as it pertains to Defendants' argument that Plaintiff cannot amend her complaint in light of the pending Motion for Judgment on the Pleadings, the United States Court of Appeals for the Fifth Circuit has recognized the validity of a request for amendment by plaintiffs where a motion to dismiss for failure to state a claim is pending before the court.[5] In fact, the Fifth Circuit has even suggested that a plaintiff may have a duty to assert the need for an amendment to survive an otherwise successful Rule 12 dismissal.[6] The Fifth Circuit has stated:

> "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."[7]

Here, Plaintiff properly seeks leave to amend her complaint to assert all possible theories of recovery, many of which she did not become aware of until the end of December 2021, as outlined below. The pending Motion for Judgment on the Pleadings should not operate as a bar to allow an otherwise valid request for an amendment of the Complaint.

## II. Plaintiff has not been dilatory in seeking amendment of her original complaint.

Next, Defendants assert that Plaintiff has been dilatory in seeking to amend her complaint because she has known that the decedent, Blake Powell, was not on suicide watch since Defendants

---

[5] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).
[6] *Id.* at 330.
[7] *Id.* at 329.

submitted their first responses to discovery on August 13, 2021. While true that Defendants asserted in answers to interrogatories that Mr. Powell was not on suicide watch, this argument undercuts the numerous documents produced and testimony given in this matter which revealed conflicting positions on whether Mr. Powell was on suicide watch before his death. For example, the initial coroner's report showed that Blake Powell was on suicide watch at the time of his death. Then, Defendants answered in discovery responses that Mr. Powell was not on suicide watch at the time of his death. However, following receipt of these responses, Sergeant Brian George of the Ouachita Correctional Center asserted facts at his deposition that would lead Plaintiff to believe that Mr. Powell was on suicide watch at the time of his death, as the sergeant testified he recommended Mr. Powell to be placed on suicide watch. Subsequently, Warden Pat Johnson testified at his deposition that Mr. Powell was not placed on suicide watch prior to his death. Following Warden Johnson's deposition, documents were received which supported a theory that Mr. Powell was on suicide watch at the time of his death. Defendants' claim that Plaintiff knew Mr. Powell was not on suicide watch as of August 13, 2021, is a vast oversimplification of the facts learned during the discovery phase of this matter.

 Further, in arguing that Plaintiff is dilatory because she learned that Mr. Powell was not on suicide watch on August 13, 2021, Defendants' focus is literally on one singular aspect of the proposed amendment. Defendants ignore the other facts and contentions set forth in Plaintiff's proposed amended complaint, many of which were not revealed until certain documents were produced in December 2021. For example, proposed paragraph 7A reveals facts not learned until documents were produced by Defendants and received by undersigned counsel on December 6 and 7, 2021.[8] Proposed paragraph 7B presents facts not learned until the depositions of Dr. David

---

[8] *See* email correspondence at Exhibits L and M.

Boyle, the jail's mental health professional, and current Warden Paul Campbell, which took place on December 22, 2021.

The claim that Plaintiff could have moved to amend her complaint in August 2021 also ignores the conflicting assertions made in depositions in this matter which required additional discovery. Rather than rush to amend her complaint after the first discovery responses were received from Defendants on August 13, 2021, Plaintiff recognized the need for more information to fully apprise her of all areas of her complaint that would require amendment. As such, Plaintiff chose to proceed with discovery in order to gather a complete picture of her claims, enabling her to request one amendment from the Court rather than having to move to amend her complaint every time a new document was produced or a new deposition was taken and new or differing facts were learned. Plaintiff has no doubt that had she moved more than once to amend her complaint, which would have been necessary given the last-minute information and document production she has received in this matter, as outlined below, Defendants would have used this against her. She chose to employ the strategy she thought best. This does not render the amendment dilatory.

Also important to her defense against Defendants' claim that Plaintiff was dilatory is the following timeline, which demonstrates that the last-minute document production was not due to any delay by Plaintiff. The following actions were taken by Plaintiff's counsel to obtain the requested information in a timely manner:

- On June 2, 2021, Plaintiff issued discovery requests to Defendants.[9]

- On August 13, 2021, Defendant produced answers to Plaintiff's interrogatories but did not submit complete document production.[10]

- On October 22, 2021, undersigned counsel followed up on the status of remaining document production and requested deposition availability.[11]

---

[9] *See* email correspondence at Exhibit T and attachments thereto.
[10] *See* email correspondence at Exhibit C.
[11] *Id.*

5

- On October 26, 2021, undersigned counsel again followed up on the status of remaining document production and requested deposition availability.[12]

- On October 27, 2021, undersigned counsel again followed up on deposition availability.[13]

- On October 28, 2021, undersigned counsel again followed up on the status of remaining document production.[14]

- On October 29, 2021, undersigned counsel again followed up on the status of remaining document production.[15]

- On October 29, 2021, Defendants produced additional documents.[16] On that same day, depositions were set for November 9 and November 16, 2021.[17]

- Following the depositions of three deputies of the Ouachita Correctional Center and/or Ouachita Parish Sheriff's Office on November 9, 2021, **it was realized that not all items requested in discovery had been turned over.** These outstanding items were requested November 10, 2021, the day following the depositions.[18]

- On November 16, 2021, former Warden Pat Johnson was deposed. During his deposition, **it was learned that policies and procedures pertaining to the Ouachita Correctional Center existed that had not been produced, though they had been requested by undersigned counsel.**[19] The policies and procedures were again requested from opposing counsel.

- On November 24, 2021, undersigned counsel against requested the outstanding documents not yet produced in discovery, including suicide logs, medical records, and policies and procedures, all which had been previously requested and not produced.[20]

- On December 2, 2021, undersigned counsel requested the deposition dates for the current warden of the Ouachita Correctional Center and the facilities' mental health provider, Dr. Boyle.[21]

---

[12] *Id*.
[13] *Id*.
[14] *See* email correspondence at Exhibit D.
[15] *See* email correspondence at Exhibit E.
[16] *See* email correspondence at Exhibit F.
[17] *See* email correspondence at Exhibit G.
[18] *See* email correspondence at Exhibit H.
[19] *See* Exhibit T at Request for Production No. 8.
[20] *See* email correspondence at Exhibit I and Exhibit T (Plaintiff's Requests for Production of Documents, issued on June 2, 2021) at Request for Production Nos. 3, 4, 8, 9, 10, 11.
[21] *See* email correspondence at Exhibit J.

- On December 3, 2021, Defendants produced some, but not all, of the outstanding items.[22]

- On December 6, 2021, Defendants produced some, but not all, of the outstanding items.[23]

- On December 13, 2021, undersigned counsel requested the status of missing document production.[24]

- On December 13, 2021, additional documents were produced.[25] That same day, Warden Paul Campbell's deposition was noticed for December 22, 2020.[26]

- On December 16, 2021, additional documents were produced.[27]

- On December 17, 2021, Dr. David Boyle's deposition was scheduled.[28]

- On December 22, 2021, current Warden Paul Campbell and Dr. David Boyle were deposed.

- On January 5, 2021, Plaintiff received her expert report.

As the Court can see, though efforts were made, Plaintiff had not received all documents requested in discovery on June 2, 2021 to fully apprise her of her claims and contentions until December 17, 2021. Further, following the depositions of Warden Paul Campbell and Dr. David Boyle on December 22, 2021, she was required to issued yet additional discovery requests, which responses still have not been received to date.[29] The numerous email requests related to these outstanding items should establish that Plaintiff has not been dilatory in amending her complaint, but was rather attempting to gather all required information in order to accomplish a single, sufficient

---

[22] *See* email correspondence at Exhibit K.
[23] *See* email correspondence at Exhibits L and M.
[24] *See* email correspondence at Exhibit N.
[25] *See* email correspondence at Exhibit O.
[26] *See* email correspondence at Exhibit P.
[27] *See* email correspondence at Exhibit Q.
[28] *See* email correspondence at Exhibit R.
[29] *See* email correspondence at Exhibit S.

4853-4960-6410, v. 1

amendment. Due to Mr. Powell being deceased, Plaintiff does not have the ability to call him and establish facts. She is relying in large part on information received in discovery.

Defendants also attack the fact that Plaintiff, in her proposed amended complaint, has maintained her claim that Mr. Powell was on suicide watch at the time of his death. To be clear, Plaintiff's amended complaint seeks to assert allegations that Mr. Powell "was or should have been" on suicide watch, the reason for this being that there is conflicting evidence in the record pertaining to whether Mr. Powell was on suicide watch, as outlined above, despite Defendants' claims otherwise. There are factual disputes regarding the status of Mr. Powell at the time of his death, and it is ultimately up to the trier of fact to determine whether Mr. Powell was on suicide watch, was not on suicide watch and should have been on suicide watch, or was not on suicide watch and should not have been on suicide watch. Plaintiff's responsibility is to assert all possible allegations and theories of recovery against Defendants which she may have, which is what she seeks to do in her proposed amendment.

Plaintiff must also defend Defendants' assertion that Plaintiff did not request the Ouachita Correctional Center's policies and procedures manual until November 16, 2021, as this statement is blatantly false. Plaintiff propounded her first set of requests for production on June, 2, 2021, seeking the correctional center's policies and procedures.[30] Defendants attempt to claim that Plaintiff only sought policies and procedures relating to placing in inmate on suicide watch, citing Interrogatory No. 12. Certainly, Plaintiff sought that information, and it was produced in August 2021, but she also sought other jail policies and procedures related to the regulation and care of inmates.[31] Specifically, Request for Production No. 8 issued on June 2, 2021, seeks "any and all documentation regarding Ouachita Parish Sheriff's Office and Ouachita Correctional Center's

---

[30] *See* email correspondence at Exhibit T and Requests for Production Nos. 8, 9, 10, and 11 attached thereto.
[31] *Id*. at Requests for Production Nos. 8 and 11.

policies and procedures related to the regulation and care inmates, including but not limited to health and safety policies, cell inspection, injury protocol, and emergency protocol." Request for Production No. 11 issued on June 2, 2021, seeks "any and all policies and procedures in effect at the time of Blake Powell's death, including but not limited to employee handbooks, manuals, job duties, responsibilities of employees, and employee schedules/hours." Plaintiff did not get these documents from Defendants until December 3, 2021.[32]

Plaintiff submits that she has not acted in a dilatory fashion in seeking amendment of complaint. She only sought to gather all necessary information in order to effect one complete amendment. The slow nature in which documents were produced should not be held against her.

### III. Defendants would not be prejudiced by an amendment of Plaintiff's original complaint.

Nor is Plaintiff's cause of action different, as claimed by Defendants. The same legal theories and statutes control her claim; she simply seeks to assert additional facts and contentions in light of the information revealed by document production and during depositions, as well as her expert report received by her on January 5, 2022.

Defendants claim they will be prejudiced as their expert has relied on the allegations in Plaintiff's original complaint. First, it is disingenuous for Defendants to suggest that their expert will not read and rely on and attempt to attack Plaintiff's expert's report, which is partly the basis for Plaintiff's requested amendment of her original Complaint and sets forth many, if not all, of the facts and allegations set forth in Plaintiff's proposed amended complaint. Secondly, Defendants' expert has already had ample time to read the proposed amended complaint and understand the allegations therein. The proposed amendment was circulated January 10, 2022 and Defendants' court-ordered expert report deadline is not until January 20, 2022. Additionally,

---

[32] *Id.*

Defendants recently sought an out-of-court extension on their expert report deadline, which Plaintiff agreed to.[33] Finally, all of the factual assertions in Plaintiff's proposed amended complaint have been known to Defendants at least at the same time as discovered by Plaintiff, if not sooner. There would be no real prejudice to Defendants if the Court were to permit an amendment, despite their claims to the contrary.

### IV. Plaintiff reserves her right to file an Opposition to Defendants' Motion for Judgment on the Pleadings.

Finally, Defendants argue the merits of their Motion for Judgment on the Pleadings. Respectfully, this issue is not before this Honorable Court at this time. Plaintiff hereby reserves her right to file an opposition to the Motion for Judgment on the Pleadings in accordance with the deadline set forth by the Court.

### V. Conclusion.

For the foregoing reasons, Plaintiff respectfully prays that her Motion for Leave to Amend Complaint is granted.

Respectfully submitted,

SCOTT VICKNAIR, LLC

*/s/ Hope E. Hughes*
DAVID P. VICKNAIR, #34135
HOPE E. HUGHES, #35833
909 Poydras Street, Suite 2025
New Orleans, LA 70112
(504) 500-1111 (Telephone)
(504) 226-2339 (Facsimile)
david@svlaw.law
hughes@svlaw.law
*Attorneys for Plaintiff*

---

[33] *See* email correspondence at Exhibit U.